D8956 - M62

obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

44. Upon information and belief, on or about December 19, 2005, at approximately 5:34 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 27", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

54

D8956 – M63

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names

55

D8956 - M64

of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

45.     Upon information and belief, on or about December 21, 2005, at approximately 7:28 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 28", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-

D8956 – M65

02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Account Review" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

46. Upon information and belief, on or about December 23, 2005, at approximately 4:57 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 29", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is

57

D8956 – M66

eligible to receive for "FREE" or be awarded as a prize a $250 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

D8956 – M67

and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Account Review" and "Exclusive Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

47.    Upon information and belief, on or about December 23, 2005, at approximately 1:49 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 30", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material

59

D8956 – M68

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)　conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)　informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)　displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

48.　Upon information and belief, on or about December 26, 2005, at approximately 12:13 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

60

D8956 – M69

Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 31", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $250

61

D8956 - M70

WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

49.   Upon information and belief, on or about December 26, 2005, at approximately 2:36 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 32", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or OutBack Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

62

D8956 - M71

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Account Review" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an

D8956 - M72

unfair or deceptive act or practice that violates R.C. §1345.02(A).

50.     Upon information and belief, on or about December 28, 2005, at approximately 5:35 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 33", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway or Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE"

D8956 – M73

item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Prize Dept," "Free Gift World," "Consumer Incentive Promotions" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

51.    Upon information and belief, on or about December 29, 2005, at approximately 10:54 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 34", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other

65

D8956 – M74

        transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were

D8956 - M75

not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

52.     Upon information and belief, on or about December 29, 2005, at approximately 3:40 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 35", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, both of which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and,

67

D8956 – M76

therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Prize Dept," "Reward Gateway" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

53. Upon information and belief, on or about December 30, 2005, at approximately 11:37 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 36", which:

68

D8956 — M77

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and,

69

D8956 – M78

therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C.
§1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Free Gift
World" and "Research Test Group" in such a manner as to imply that
these are the names of the senders of the email, but these names are
fictitious names that were not properly registered with the Ohio Secretary of
State at the time the email was sent to Plaintiff and, therefore, the use of
these fictitious names constitute an unfair or deceptive act or practice that
violates R.C. §1345.02(A).

54.    Upon information and belief, on or about January 2, 2006, at approximately 11:39
a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to
Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct
printout of which is attached hereto and identified as "Exhibit 37", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is
eligible to receive for "FREE" or be awarded as a prize a $250 WalMart
Gift Card, which is a good, service and/or intangible for purposes that are
primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other
transfer of one or more goods, services and/or intangibles for purposes that
are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250
WalMart Gift Card, but fails to set forth clearly and conspicuously, and in

70

D8956 - M79

close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

55.  Upon information and belief, on or about January 5, 2006, at approximately 10:53

71

D8956 – M80

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 38", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

72

D8956 - M81

 (f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

 (g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

56. Upon information and belief, on or about January 6, 2006, at approximately 7:50 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 39", which:

 (a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

 (b) is a solicitation for the sale, lease, assignment, award by chance, or other

73

D8956 – M82

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" items contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose clearly and conspicuously all of the conditions that

D8956 – M83

Plaintiff must meet in order to receive the prizes or items of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the name "Claims Dept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

57. Upon information and belief, on or about January 9, 2006, at approximately 10:55 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 40", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in

75

D8956 – M84

close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

58.    Upon information and belief, on or about January 10, 2006, at approximately 8:46

D8956 – M85

p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 41", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

D8956 — M86

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Claims Dept," " Consumer Incentive Promotions," "Free Gift World" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

    59.    Upon information and belief, on or about January 11, 2006, at approximately 7:33 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 42", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

D8956 - M87

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Account Review" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names

79

D8956 - M88

constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

60.    Upon information and belief, on or about January 12, 2006, at approximately 1:33 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 43", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109 4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and

D8956 – M89

obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Account Review" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

61.  Upon information and belief, on or about January 12, 2006, at approximately 3:03 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 44", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

81

D8956 – M90

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names

82

D8956 – M91

of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

62. Upon information and belief, on or about January 16, 2006, at approximately 10:48 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 45", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-

83

D8956 - M92

02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

63. Upon information and belief, on or about January 16, 2006, at approximately 3:05 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 46", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is

84

D8956 – M93

eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or Outback Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates

D8956 — M94

O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Account Review" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

64.  Upon information and belief, on or about January 17, 2006, at approximately 8:47 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 47", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which

86

D8956 – M95

Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Claims Dept," " Research Test Group," "Free Gift World" and "Consumer Incentive Promotions" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

65. Upon information and belief, on or about January 18, 2006, at approximately 6:58 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct

D8956 – M96

printout of which is attached hereto and identified as "Exhibit 48", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Abercrombie Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff an Abercrombie Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff an Abercrombie Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants an Abercrombie Gift Card, but fails to disclose clearly and conspicuously all

88

D8956 – M97

of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Gifts Center" and "Premium Products Online" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

66.   Upon information and belief, on or about January 18, 2006, at approximately 7:17 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 49", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500

89

D8956 – M98

WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Account Review" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

90

D8956 - M99

67.     Upon information and belief, on or about January 19, 2006, at approximately 11:10 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 50", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and,

91

D8956 – N1

therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

68.  Upon information and belief, on or about January 20, 2006, at approximately 8:00 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 51", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

92

D8956 - N2

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" items are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $100 VISA Gift Card, a Sony DVD Handycam Camcorder or Panasonic DVD Camcorder, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV,

D8956 - N3

but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prizes or items of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Claims Dept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

69.    Upon information and belief, on or about January 20, 2006, at approximately 1:58 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 52", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500

94

D8956 – N4

WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

D8956 – N5

70.     Upon information and belief, on or about January 23, 2006, at approximately 10:55 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 53", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer

96

D8956 - N6

and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

71. Upon information and belief, on or about January 24, 2006, at approximately 8:38 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 54", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

97

D8956 – N7

     are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Claims Dept", "Consumer Incentive Promotions", "Research Test Group" and "FreeGift World" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not

D8956 — N8

properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

72. Upon information and belief, on or about January 26, 2006, at approximately 11:32 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 55", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target

99

D8956 - N9

Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

73.     Upon information and belief, on or about January 26, 2006, at approximately 9:58 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 56", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or OutBack Gift Card, which is a good, service and/or intangible for

D8956 - N10

purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or OutBack Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," " Rewards

101

D8956 – N11

Gateway" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

74.  Upon information and belief, on or about January 27, 2006, at approximately 4:54 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 57", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the

D8956 - N12

solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $250 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Account Review," " Rewards Gateway" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

75. Upon information and belief, on or about January 31, 2006, at approximately 11:37 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 58", which:

103

D8956 - N13

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway or Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to

D8956 – N14

          receive the prize or item of value and, therefore, the advertisement violates

          O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)   displays within the body of the email the names "Prize Dept," "Consumer

          Incentive Promotions," "Free Gift World" and "Research Test Group" in

          such a manner as to imply that these are the names of the senders of the

          email, but these names are fictitious names that were not properly

          registered with the Ohio Secretary of State at the time the email was sent to

          Plaintiff and, therefore, the use of these fictitious names constitute an unfair

          or deceptive act or practice that violates R.C. §1345.02(A).

76.   Upon information and belief, on or about February 2, 2006, at approximately 10:56 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 59", which:

    (a)   is an advertisement notifying Plaintiff that he has been selected or is

          eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift

          Card, which is a good, service and/or intangible for purposes that are

          primarily personal, family or household;

    (b)   is a solicitation for the sale, lease, assignment, award by chance, or other

          transfer of one or more goods, services and/or intangibles for purposes that

          are primarily personal, family or household;

    (c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target

          Gift Card, but fails to set forth clearly and conspicuously, and in close

D8956 – N15

proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

77. Upon information and belief, on or about February 2, 2006, at approximately 4:20

D8956 – N16

p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 60", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, both of which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously

D8956 – N17

at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 Restaurant Gift Card or $100 worth of Coke or Pepsi, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Prize Dept" and "National Survey Panel" in such a manner as to imply that these are the names of the sender of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

78.    Upon information and belief, on or about February 6, 2006, at approximately 12:01 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 61", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other

D8956 - N18

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," " Rewards Gateway" and "Unlimited Free Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are

D8956 - N19

fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

79. Upon information and belief, on or about February 6, 2006, at approximately 11:58 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 62", which:

    (a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

D8956 - N20

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

80. Upon information and belief, on or about February 8, 2006, at approximately 5:35 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 63", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway ot

111

D8956 - N21

Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

D8956 – N22

(g)     displays within the body of the email the names "Prize Dept," "Consumer Incentive Promotions," "Free Gift World" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

81.    Upon information and belief, on or about February 13, 2006, at approximately 10:50 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 64", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon

113

D8956 – N23

which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $250 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

82. Upon information and belief, on or about February 13, 2006, at approximately 11:27 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct

114

D8956 – N24

printout of which is attached hereto and identified as "Exhibit 65", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a 4500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of

D8956 - N25

the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept", "Unlimited Free Gifts" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

83.    Upon information and belief, on or about February 16, 2006, at approximately 2:04 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 66", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target

116

D8956 - N26

Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Killer Deals" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

117

D8956 - N27

84. Upon information and belief, on or about April 11, 2006, at approximately 12:42 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 67", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $200 Office Depot Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $200 Office Depot Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $200 Office Depot Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer

118