D8956 – N28

and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $200 Office Depot Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the name "Exclusive Gifts Cards" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

**Emails Defendants Sent or Caused to be Sent to
Plaintiff's Email Address of jferron@ferronlaw.com**

85.     Upon information and belief, on or about January 9, 2006, at approximately 6:25 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 68", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, both of which are a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

119

D8956 - N29

are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Special Rewards" and "Your Smart Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time

D8956 - N30

the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

86.    Upon information and belief, on or about January 10, 2006, at approximately 8:28 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 69, which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target

121

D8956 - N31

Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Claims Dept," "Conosumer Incentive Promotions," "Free Gift World" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

87. Upon information and belief, on or about January 13, 2006, at approximately 3:45 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 70", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a $250 Chilis or Outback Gift Card, which is a good, service and/or intangible for purposes that are

122

D8956 - N32

        primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Rewards

D8956 – N33

Gateway" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

88. Upon information and belief, on or about January 13, 2006, at approximately 7:55 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 71", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations,

D8956 — N34

limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" items are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prizes or items of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the name "Claims Dept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

89. Upon information and belief, on or about January 13, 2006, at approximately 8:46

D8956 – N35

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 72", which:

    (a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a $500 Gift Card or Laptop, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109.4-3-02(C) and R.C. §1345.02(A);

    (e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

126

D8956 — N36

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that they are the names of the sender of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

90. Upon information and belief, on or about January 13, 2006, at approximately 2:21 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 73", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

127

D8956 - N37

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names

128

D8956 – N38

constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

91.    Upon information and belief, on or about January 16, 2006, at approximately 6:32 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 74", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, both of which are a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and

129

D8956 – N39

obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Special Rewards" and "Your Smart Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

92.    Upon information and belief, on or about January 17, 2006, at approximately 8:26 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 75", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

130

D8956 – N40

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-05(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Consumer Incentive Promotions," "Free Gift World" and "Research Test

131

D8956 - N41

Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

93. Upon information and belief, on or about January 20, 2006, at approximately 3:36 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 76", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or OutBack Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates

132

D8956 - N42

O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Exclusive Gifts" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

94.    Upon information and belief, on or about January 20, 2006, at approximately 7:41 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 77", which:

133

D8956 - N43

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" items are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

D8956 - N44

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $100 VISA Gift Card, Cell Phone Service, a Dell Notebook PC, and/or a Digital TV, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prizes or items of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the name "Claims Dept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

95.    Upon information and belief, on or about January 20, 2006, at approximately 8:57 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 78", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card or Laptop, which are goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

D8956 - N45

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" items are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prizes or items of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious

136

D8956 - N46

names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

96.   Upon information and belief, on or about January 20, 2006, at approximately 1:51 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 79", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and

137

D8956 – N47

obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

97.     Upon information and belief, on or about January 23, 2006, at approximately 6:07 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 80", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

138

D8956 - N48

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Special Rewards" and "Your Smart Rewards" in such a manner as to imply that these are the

D8956 – N49

names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

98.    Upon information and belief, on or about January 24, 2006, at approximately 9:08 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 81", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-

140

D8956 - N50

02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," " Consumer Incentive Promotions," "Free Gift World" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

99.    Upon information and belief, on or about January 27, 2006, at approximately 3:44 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 82", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is

141

D8956 - N51

eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or Outback Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates

D8956 - N52

O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Claims Dept," "Rewards Gateway" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

100.   Upon information and belief, on or about January 27, 2006, at approximately 9:05 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 83", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card or Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material

143

D8956 – N53

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

101.  Upon information and belief, on or about January 27, 2006, at approximately 1:47 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

D8956 – N54

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 84", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500

145

D8956 – N55

WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

102.    Upon information and belief, on or about January 27, 2006, at approximately 5:46 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 85", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card or Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

146

D8956 - N56

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C.

147

D8956 – N57

§1345.02(A).

103.    Upon information and belief, on or about January 30, 2006, at approximately 1:37 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 86", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE"

148

D8956 - N58

item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Claims Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

104. Upon information and belief, on or about January 30, 2006, at approximately 6:21 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 87", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other

149

D8956 – N59

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Special Rewards" and "Your Smart Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names

150

D8956 — N60

that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

105.    Upon information and belief, on or about February 2, 2006, at approximately 9:46 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 88", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or Outback Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

151

D8956 - N61

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Claims Dept," "Rewards Gateway" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

106.    Upon information and belief, on or about February 3, 2006, at approximately 8:54 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 89", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is

D8956 - N62

    eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card or Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

153

D8956 - N63

and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

107.  Upon information and belief, on or about February 6, 2006, at approximately 11:12 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 90", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material

154

D8956 - N64

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Rewards Gateway" and "Unlimited Free Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

108.    Upon information and belief, on or about February 6, 2006, at approximately 6:22 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

155

D8956 — N65

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 91", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Burberry

156

D8956 - N66

or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Special Rewards" and "Your Smart Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

109.  Upon information and belief, on or about February 7, 2006, at approximately 10:32 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 92", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

157

D8956 - N67

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept," "Rewards Gateway" and "Unlimited Free Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that

D8956 – N68

violates R.C. §1345.02(A).

110. Upon information and belief, on or about February 8, 2006, at approximately 5:58 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 93", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 GNC Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 GNC Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 GNC Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are

159

D8956 - N69

contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $250 GNC Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Rewards Dept," "Consumer Incentive Promotions," "Rewards Gateway" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

111.  Upon information and belief, on or about February 8, 2006, at approximately 10:38 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 94", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Dell Computer Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other

160

D8956 — N70

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Dell Computer Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Dell Computer Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 Dell Computer Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Rewards Dept," "Consumer Incentive Promotions," "Rewards Gateway" and "Research Test Group" in such a manner as to imply that these are the names of the

D8956 – N71

senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

112.    Upon information and belief, on or about February 9, 2006, at approximately 3:19 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 95", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

D8956 - N72

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(C) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

113. Upon information and belief, on or about February 10, 2006, at approximately 3:52 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 96", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or

D8956 - N73

Outback Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

164

D8956 - N74

(g)   displays within the body of the email the names "Claims Dept" and "Exclusive Gifts" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

114.   Upon information and belief, on or about February 10, 2006, at approximately 8:58 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 97", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card or Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in

165

D8956 – N75

the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card or Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 Gift Card or Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Special Rewards" and "National Survey Panel" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

115.  Upon information and belief, on or about February 11, 2006, at approximately 2:46 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 98", which:

166

D8956 – N76

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 KMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 KMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 KMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $100 KMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of

D8956 – N77

value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Rewards Dept," "Rewards Gateway" and "Exclusive Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

116.    Upon information and belief, on or about February 11, 2006, at approximately 9:18 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 99", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Designer Handbag and/or Burberry or Coach handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Designer

168

D8956 - N78

Handbag and/or Burberry or Coach handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Designer Handbag and/or Burberry or Coach handbag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Designer Handbag and/or Burberry or Coach handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Rewards Dept" and "Your Smart Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C.

D8956 - N79

§1345.02(A).

117. Upon information and belief, on or about February 11, 2006, at approximately 10:29 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 100", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or Outback Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or Outback Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of

D8956 - N80

the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or Outback Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Exclusive Gifts," "Rewards Gateway" and "Dealchamp" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

118.    Upon information and belief, on or about February 13, 2006, at approximately 6:26 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 101", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Ipod Photo 60GB, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

171

D8956 - N81

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Ipod Photo 60GB, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Ipod Photo 60GB, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a Ipod Photo 60GB, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Rewards Dept," "Premium Products Online" and "Rewards Gateway" in such a manner as

172

D8956 – N82

to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

119. Upon information and belief, on or about February 13, 2006, at approximately 12:39 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 102", which:

    (a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-

173

D8956 – N83

02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Dealchamp" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

120.  Upon information and belief, on or about February 13, 2006, at approximately 1:04 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 103", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is

174

D8956 - N84

eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach purse, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach purse, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach purse, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

175

D8956 – N85

and R.C. §1345 02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

121. Upon information and belief, on or about February 13, 2006, at approximately 10:35 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 104", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material

176

D8956 - N86

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Claims Dept," "Unlimited Free Gifts" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

122. Upon information and belief, on or about February 14, 2006, at approximately 1:56 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

177

D8956 - N87

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 105", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gucci, Prada or Fendi Designer Handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gucci, Prada or Fendi Designer Handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gucci, Prada or Fendi Designer Handbag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

178

D8956 – N88

(f)  informs Plaintiff that he is eligible to receive from Defendants a Gucci, Prada or Fendi Designer Handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names " Rewards Dept," "My Premium Rewards Gift Program" and "My Premium Rewards.com" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

123.  Upon information and belief, on or about February 15, 2006, at approximately 12:11 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 106 ", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 GNC Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of ore or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

D8956 – N89

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 GNC Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 GNC Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 GNC Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Rewards Dept," "Consumer Incentive Promotions," " Research Test Group" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was

180

D8956 - N90

sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

124.    Upon information and belief, on or about February 15, 2006, at approximately 4:52 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 107", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and

D8956 — N91

obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Dealchamp" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

125.     Upon information and belief, on or about February 15, 2006, at approximately 10:54 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 108", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Kmart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

182

D8956 – N92

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 Kmart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Rewards Dept," "Exclusive Rewards" and "Rewards Gateway" in such a manner as to

183