D8956 – 059

item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a 24" flat Panel LC Monitor, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Online Gift Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

168.    Upon information and belief, on or about March 12, 2006, at approximately 7:10 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 151", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach Designer Handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other

249

D8956 - O60

              transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach Designer Handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Your Smart Rewards" and "Reward Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were

D8956 - 061

not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

169. Upon information and belief, on or about March 12, 2006, at approximately 1:09 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 152", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Chilis or OutBack Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

D8956 – 062

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Chilis or OutBack Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Exclusive Gifts," "Hot Deals," "Dealchamp" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

170.    Upon information and belief, on or about March 13, 2006, at approximately 7:42 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 153", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is

D8956 – 063

eligible to receive for "FREE" or be awarded as a prize an Ipod Photo 60GB, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Ipod Photo 60GB, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Ipod Photo 60GB, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants an Ipod Photo 60GB, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

D8956 - 064

and R.C. §1345.02(A);

(g) displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

171.    Upon information and belief, on or about March 13, 2006, at approximately 10:24 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 154", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize, 4 Tires-$500 Value, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions,

254

D8956 - 065

reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants 4 Tires-$500 Value, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

172. Upon information and belief, on or about March 13, 2006, at approximately 1:22 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

D8956 - 066

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout
of which is attached hereto and identified as "Exhibit 155", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is
eligible to receive for "FREE" or be awarded as a prize a $500 WalMart
Gift Card, which is a good, service and/or intangible for purposes that are
primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other
transfer of one or more goods, services and/or intangibles for purposes that
are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500
WalMart Gift Card, but fails to set forth clearly and conspicuously, and in
close proximity to the words stating the offer, any and all material
exclusions, reservations, limitations, modifications or conditions upon
which Plaintiff's receipt and/or retention of the "FREE" item described in
the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-
02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500
WalMart Gift Card, but fails to disclose all of the terms, conditions and
obligations upon which Plaintiff's receipt and retention of the "FREE"
item are contingent clearly and conspicuously at the outset of the offer
and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendant a $500

256

D8956 – 067

WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Rewards Gateway" and "Deal Champ" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

173.   Upon information and belief, on or about March 14, 2006, at approximately 3:02 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 156", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Costco Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500

257

D8956 – O68

Costco Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Costco Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendant a $500 Costco Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

258

D8956 - 069

174. Upon information and belief, on or about March 14, 2006, at approximately 7:46 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 157", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Apple Ipod Nano, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Apple Ipod Nano, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Apple Ipod Nano, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and,

D8956 – 070

    therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant an Apple Ipod Nano, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Unlimited Free Gifts," "Deal Champ" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

175.    Upon information and belief, on or about March 15, 2006, at approximately 1:14 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 158", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

D8956 – 071

are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $500 Circuit City Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio

D8956 - 072

Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

176. Upon information and belief, on or about March 15, 2006, at approximately 3:58 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 159", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW

262

D8956 - 073

Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant a $100 DSW Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "My Cool Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

177.    Upon information and belief, on or about March 15, 2006, at approximately 3:54 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 160", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Kmart Gift Card, which is a good, service and/or intangible for purposes that are

263

D8956 - 074

        primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a $100 Kmart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Exclusive Rewards,"

D8956 - 075

"Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

178. Upon information and belief, on or about March 15, 2006, at approximately 7:26 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 161", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway or Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in

265

D8956 – O76

the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Consumer Incentive Promotions," "Free Gift World," "Prize Dept" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

179.    Upon information and belief, on or about March 16, 2006, at approximately 3:38 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 162", which:

266

D8956 - 077

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item

D8956 - O78

of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

and R.C. §1345.02(A);

(g)   displays within the body of the email the names "E-Research Group" and

"Rewards Dept." in such a manner as to imply that these are the names of

the senders of the email, but these names are fictitious names that were not

properly registered with the Ohio Secretary of State at the time the email was

sent to Plaintiff and, therefore, the use of these fictitious names constitute an

unfair or deceptive act or practice that violates R.C. §1345.02(A).

180.   Upon information and belief, on or about March 16, 2006, at approximately 10:05

p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

of which is attached hereto and identified as "Exhibit 163", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is

eligible to receive for "FREE" or be awarded as a prize Oakley THUMP

MP3 sunglasses, which is a good, service and/or intangible for purposes

that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other

transfer of one or more goods, services and/or intangibles for purposes that

are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff Oakley

THUMP MP3 sunglasses, but fails to set forth clearly and conspicuously,

and in close proximity to the words stating the offer, any and all material

268

D8956 - 079

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff Oakley THUMP MP3 sunglasses, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant Oakley THUMP MP3 sunglasses, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Your Smart Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A)

181.    Upon information and belief, on or about March 16, 2006, at approximately 9:06 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

D8956 – 080

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 164", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Visa Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to a Plaintiff a $250 Visa Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendant a $250 Visa

270

D8956 – O81

Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Hot Gift Zone" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

182.   Upon information and belief, on or about March 17, 2006, at approximately 4:18 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 165", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize of $100 worth of Coke or Pepsi or a $100 Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

D8956 – 082

(d) conveys to Plaintiff Defendants' offer to provide to a Plaintiff of $100 worth of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff of $100 worth of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant of $100 worth of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "National Survey Panel" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an

272

D8956 – O83

unfair or deceptive act or practice that violates R.C. §1345.02(A).

183.    Upon information and belief, on or about March 17, 2006, at approximately 9:23 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 166", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Gift Card,  but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are

273

D8956 - 084

contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $500 Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Brand Survey Panel," "Market Research Survey" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

184. Upon information and belief, on or about March 18, 2006, at approximately 12:12 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 167", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other

274

D8956 - 085

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card,  but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant a $500 Circuit City Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names

275

D8956 - O86

are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

185.    Upon information and belief, on or about March 18, 2006, at approximately 7:40 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 168", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach Designer Handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

276

D8956 – O87

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant a Burberry or Coach Designer Handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Your Smart Rewards" and "Reward Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

186.     Upon information and belief, on or about March 18, 2006, at approximately 10:08 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 169", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a 24" Flat Panel

D8956 - 088

LCD Monitor, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a 24" Flat Panel LCD Monitor, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a 24" Flat Panel LCD Monitor, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a 24" Flat Panel LCD Monitor, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

D8956 - 089

(g) displays within the body of the email the names "Online Gift Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictiticus names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

187. Upon information and belief, on or about March 20, 2006, at approximately 9:02 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 170", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Ipod Photo 60GB, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Ipod Photo 60GB, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which

279

D8956 - O90

Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Ipod Photo 60GB, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a Ipod Photo 60GB, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

188.     Upon information and belief, on or about March 20, 2006, at approximately 10:48 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

D8956 – O91

of which is attached hereto and identified as "Exhibit 171", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize 4 Tires-$500 Value, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant 4 Tires-$500 Value, but fails to disclose clearly and conspicuously all of the conditions

281

D8956 – O92

that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Your Smart Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

189.   Upon information and belief, on or about March 20, 2006, at approximately 4:24 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 172", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500

282

D8956 - 093

WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Rewards Gateway" and "Deal Champ" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

190.   Upon information and belief, on or about March 21, 2006, at approximately 2:54

283

D8956 – 094

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 173", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

284

D8956 - 095

    (f)    informs Plaintiff that he is eligible to receive from Defendant a $500 Circuit City Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

191.    Upon information and belief, on or about March 22, 2006, at approximately 3:32 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 174", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

285

D8956 – O96

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a $100 DSW Gift Card,  but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "My Cool Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names

D8956 - O97

constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

192. Upon information and belief, on or about March 22, 2006, at approximately 9:45 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 175", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway or Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to disclose all of the terms, conditions

287

D8956 – 098

and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Consumer Incentive Promotions," "Prize Dept," "ResearchTestGroup," and "FreeGiftWorld" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

193.     Upon information and belief, on or about March 23, 2006, at approximately 2:35 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 176", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Visa Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

288

Case: 2:09-cv-00520-GLF-EPD Doc #: 3-4 Filed: 06/22/09 Page: 41 of 65  PAGEID #: 353

D8956 - 099

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Visa Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Visa Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a $100 Visa Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "National Survey Panel" and "PrizeDept" in such a manner as to imply that these are the names of

D8956 — P1

the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

194.    Upon information and belief, on or about March 23, 2006, at approximately 5:33 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 177", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Plasma TV & Xbox 360, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV & Xbox 360, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

D8956 - P2

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV & Xbox 360, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendant a Plasma TV & Xbox 360, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Consumer Incentive Promotions," "Prize Dept" and "Research Test Group" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

195. Upon information and belief, on or about March 23, 2006, at approximately 5:49 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 178", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Kmart Gift

D8956 – P3

Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $100 Kmart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-05(D) and R.C. §1345.02(A);

D8956 - P4

(g)  displays within the body of the email the names "Exclusive Rewards,"

"Rewards Dept" and "Rewards Gateway" in such a manner as to imply

that these are the names of the senders of the email, but these names are

fictitious names that were not properly registered with the Ohio Secretary of

State at the time the email was sent to Plaintiff and, therefore, the use of

these fictitious names constitute an unfair or deceptive act or practice that

violates R.C. §1345.02(A).

196.  Upon information and belief, on or about March 23, 2006, at approximately 10:08

p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

of which is attached hereto and identified as "Exhibit 179", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is

eligible to receive for "FREE" or be awarded as a prize Oakley THUMP

MP3 sunglasses, which is a good, service and/or intangible for purposes

that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other

transfer of one or more goods, services and/or intangibles for purposes that

are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff Oakley

THUMP MP3 sunglasses, but fails to set forth clearly and conspicuously,

and in close proximity to the words stating the offer, any and all material

exclusions, reservations, limitations, modifications or conditions upon

293

D8956 – P5

which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff Oakley THUMP MP3 sunglasses, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant Oakley THUMP MP3 sunglasses, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

197. Upon information and belief, on or about March 23, 2006, at approximately 11:50 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

D8956 - P6

of which is attached hereto and identified as "Exhibit 180", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Visa Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a $250 Visa Card, but fails to disclose clearly and conspicuously all of the conditions

295

D8956 – P7

that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Hot Gift Zone" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

198.  Upon information and belief, on or about March 24, 2006, at approximately 4:02 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 181", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize $100 Worth of Coke or Pepsi or a $100 Restaurant Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff $100 Worth

296

D8956 – P8

of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff $100 Worth of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant $100 Worth of Coke or Pepsi or a $100 Restaurant Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "National Survey Panel" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

297

D8956 - P9

199. Upon information and belief, on or about March 24, 2006, at approximately 8:32 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 182", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a 4500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer

298

D8956 – P10

and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendant a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "e-Research Group" and "RewardDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

200.   Upon information and belief, on or about March 25, 2006, at approximately 10:06 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 183", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a 24" Flat Panel LCD Monitor, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

D8956 - P11

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a 24" Flat Panel LCD Monitor, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a 24" Flat Panel LCD Monitor, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendant a 24" Flat Panel LCD Monitor, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Online Gift Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious

D8956 – P12

names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

201.  Upon information and belief, on or about March 26, 2006, at approximately 11:57 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 184", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach Designer Handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to disclose all of the terms, conditions

D8956 – P13

and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant a Burberry or Coach Designer Handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "Reward Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

202.    Upon information and belief, on or about March 27, 2006, at approximately 5:53 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 185", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

302

D8956 - P14

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Rewards Gateway" and "Deal Champ" in such a manner as to imply that these are the names of the

303

D8956 — P15

senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

203.    Upon information and belief, on or about March 27, 2006, at approximately 11:59 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 186", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize 4 Tires-$500 Value, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value,  but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

304

D8956 – P16

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant 4 Tires-$500 Value, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "ClaimsDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

204. Upon information and belief, on or about March 27, 2006, at approximately 11:46 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 187", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Plasma TV and Xbox 360, which is a good, service and/or intangible for purposes that are

305

D8956 – P17

primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendant a Plasma TV and Xbox 360, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Online Gift Rewards"

306

D8956 – P18

and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

205.   Upon information and belief, on or about March 28, 2006, at approximately 9:17 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 188", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Amex Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Amex Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the

307

D8956 – P19

solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Amex Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendant a $500 Amex Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Consumer Incentive Promotions," "Prize Dept," "Research Test Group" and "Premium Products Online" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

206.    Upon information and belief, on or about March 28, 2006, at approximately 9:51 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 189", which:

308

D8956 - P20

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Alienware Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant an Alienware Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item

309

D8956 — P21

of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Online Gift Rewards"

and "Claims Dept" in such a manner as to imply that these are the names

of the senders of the email, but these names are fictitious names that were

not properly registered with the Ohio Secretary of State at the time the email

was sent to Plaintiff and, therefore, the use of these fictitious names

constitute an unfair or deceptive act or practice that violates R.C.

§1345.02(A).

207.   Upon information and belief, on or about March 28, 2006, at approximately 5:12

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

of which is attached hereto and identified as "Exhibit 190", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is

eligible to receive for "FREE" or be awarded as a prize an Ipod Photo 60

GB, which is a good, service and/or intangible for purposes that are

primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other

transfer of one or more goods, services and/or intangibles for purposes that

are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff an Ipod Photo

60 GB, but fails to set forth clearly and conspicuously, and in close

310

D8956 — P22

proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Ipod Photo 60 GB, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendant an Ipod Photo 60 GB, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

208. Upon information and belief, on or about March 29, 2006, at approximately 3:55

311

D8956 – P23

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 191", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

312

D8956 – P24

    (f)    informs Plaintiff that he is eligible to receive from Defendant a $500 Circuit City Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

209.    Upon information and belief, on or about March 29, 2006, at approximately 3:29 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 192", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

313