D8956 – Q56

therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the name "Prize Dept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

293.  Upon information and belief, on or about April 25, 2006, at approximately 9:12 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 276", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Alienware Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

444

D8956 - Q57

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants an Alienware Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Online Gift Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an

445

D8956 - Q58

unfair or deceptive act or practice that violates R.C. §1345.02(A).

294. Upon information and belief, on or about April 25, 2006, at approximately 10:27 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 277", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit city Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE"

446

D8956 - Q59

item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 Circuit city Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Premium Products Online," "Rewards Gateway" and "RewardDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

295. Upon information and belief, on or about April 26, 2006, at approximately 1:43 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 278", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other

447

D8956 – Q60

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 DSW Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "My Cool Rewards" and "Special Rewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not

448

D8956 – Q61

properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

296.    Upon information and belief, on or about April 26, 2006, at approximately 2:28 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 279", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Gateway or Toshiba Laptop Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or Toshiba Laptop Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Gateway or

449

D8956 - Q62

Toshiba Laptop Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Gateway or Toshiba Laptop Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Consumer Incentive Promotions," "Prize Dept," "ResearchTestGroup," and "FreeGiftWorld" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

297.    Upon information and belief, on or about April 26, 2006, at approximately 10:39 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 280", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Alienware laptop, which is a good, service and/or intangible for purposes that are

450

D8956 – Q63

primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants an Alienware laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Online Gift Rewards"

451

D8956 – Q64

and "SpecialRewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

298.   Upon information and belief, on or about April 27, 2006, at approximately 5:29 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 281", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Kmart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-

452

D8956 - Q65

02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 Kmart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Exclusive Rewards," "Rewards Dept" and "RewardsGateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

299.    Upon information and belief, on or about April 27, 2006, at approximately 10:48 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 282", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is

453

D8956 — Q66

eligible to receive for "FREE" or be awarded as a prize a Plasma TV and Xbox 360, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a Plasma TV and Xbox 360, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D)

454

D8956 - Q67

and R.C. §1345.02(A);

 (g) displays within the body of the email the names "Consumer Incentive Promotions" "Research Test Group," "Free Gift World" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

300. Upon information and belief, on or about April 27, 2006, at approximately 9:30 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 283", which:

 (a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Costco Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

 (b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

 (c) is a "consumer transaction" as defined in R.C. §1345.01(A);

 (d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Costco Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material

455

D8956 – Q68

exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Costco Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500 Costco Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Consumer Incentive Promotions," "ResearchTestGroup," "Prize Dept" and "FreeGiftWorld" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

301.   Upon information and belief, on or about April 27, 2006, at approximately 7:21 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

456

D8956 – Q69

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 284", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Visa Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a $250 Visa

457

D8956 – Q70

Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Hot Gift Zone" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

302.    Upon information and belief, on or about April 27, 2006, at approximately 6:42 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 285", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Free Gift of cellphones, laptops, Apple Ipods or game consoles, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

458

D8956 - Q71

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Free Gift of cellphones, laptops, Apple Ipods or game consoles, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Free Gift of cellphones, laptops, Apple Ipods or game consoles, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a Free Gift of cellphones, laptops, Apple Ipods or game consoles, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Hot Gift Zone" and "SpecialRewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair

459

D8956 – Q72

or deceptive act or practice that violates R.C. §1345.02(A).

303.    Upon information and belief, on or about April 28, 2006, at approximately 4:16 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 286", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE"

460

D8956 - Q73

    item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "e-ResearchGroup," "Direct To Consumer Incentive," and "RewardDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

304.   Upon information and belief, on or about April 29, 2006, at approximately 8:09 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 287", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Parda Hand Bag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other

461

D8956 – Q74

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Parda Hand Bag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Parda Hand Bag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Parda Hand Bag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Consumer Incentive Promotions," "Sample Promotions Group" and "PrizeDept" in such a manner as to imply that these are the names of the senders of the email,

D8956 – Q75

but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

305.   Upon information and belief, on or about April 30, 2006, at approximately 2:22 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 288", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Burberry or Coach Designer Handbag, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

D8956 - Q76

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Burberry or Coach Designer Handbag, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a Burberry or Coach Designer Handbag, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Your Smart Rewards" and "RewardDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

306.   Upon information and belief, on or about April 30, 2006, at approximately 5:21 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 289", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 American Express Gift Card, which is a good, service and/or intangible for purposes

464

D8956 — Q77

that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 American Express Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 American Express Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $500 American Express Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

D8956 – Q78

   (g)   displays within the body of the email the names "Rewards Gateway" and "Dealchamp" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

307.   Upon information and belief, on or about April 30, 2006, at approximately 5:25 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 290", which:

   (a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a 37" Plasma TV and Xbox 360, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

   (b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

   (c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

   (d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a 37" Plasma TV and Xbox 360, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in

466

D8956 - Q79

the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a 37" Plasma TV and Xbox 360, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a 37" Plasma TV + Xbox 360, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Online Gift Rewards" and "SpecialRewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

308.    Upon information and belief, on or about April 30, 2006, at approximately 11:59 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 291", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is

467

D8956 – Q80

eligible to receive for "FREE" or be awarded as a prize a Sony 42"
Widescreen Plasma TV, which is a good, service and/or intangible for
purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other
transfer of one or more goods, services and/or intangibles for purposes that
are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony 42"
Widescreen Plasma TV, but fails to set forth clearly and conspicuously,
and in close proximity to the words stating the offer, any and all material
exclusions, reservations, limitations, modifications or conditions upon
which Plaintiff's receipt and/or retention of the "FREE" item described in
the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-
02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony 42"
Widescreen Plasma TV, but fails to disclose all of the terms, conditions
and obligations upon which Plaintiff's receipt and retention of the "FREE"
item are contingent clearly and conspicuously at the outset of the offer
and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Sony 42"
Widescreen Plasma TV, but fails to disclose clearly and conspicuously all
of the conditions that Plaintiff must meet in order to receive the prize or
item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-

468

D8956 — Q81

06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "PrizeDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

309. Upon information and belief, on or about May 1, 2006, at approximately 4:31 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 292", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon

469

D8956 – Q82

which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Rewards Gateway" and "Dealchamp" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

310. Upon information and belief, on or about May 1, 2006, at approximately 9:25 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 293", which:

470

D8956 – Q83

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize 4 Tires-$500 Value, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff 4 Tires-$500 Value, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants 4 Tires-$500 Value, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of

471

D8956 - Q84

value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "Your Smart Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

311. Upon information and belief, on or about May 2, 2006, at approximately 2:11 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 294", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Target Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a Target Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions,

472

D8956 – Q85

reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Target Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a Target Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the name "PrizeDept" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

312.    Upon information and belief, on or about May 2, 2006, at approximately 8:25 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout

473

D8956 – Q86

of which is attached hereto and identified as "Exhibit 295", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Wal Greens Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Wal Greens Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Wal Greens Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Wal Greens Gift Card, but fails to disclose clearly and conspicuously all of the

D8956 - Q87

                conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

    (g)    displays within the body of the email the names "Rewards Gateway" and "Dealchamp" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

313.    Upon information and belief, on or about May 2, 2006, at approximately 9:16 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 296", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Alienware Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to set forth clearly and conspicuously, and in close

D8956 – Q88

proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants an Alienware Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Online Gift Rewards" and "Claims Dept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

314.    Upon information and belief, on or about May 2, 2006, at approximately 6:35 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

476

D8956 – Q89

Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 297", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 Circuit City Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

    (e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Circuit City Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

    (f)    informs Plaintiff that he is eligible to receive from Defendants a $500

477

D8956 – Q90

Circuit City Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)　displays within the body of the email the names "Premium Products Online," "Rewards Dept" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

315.　Upon information and belief, on or about May 3, 2006, at approximately 1:34 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 298", which:

(a)　is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)　is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)　is a "consumer transaction" as defined in R.C. §1345.01(A);

478

D8956 – Q91

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 DSW Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $100 DSW Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "My Cool Rewards" and "SpecialRewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

479

D8956 – Q92

316.   Upon information and belief, on or about May 3, 2006, at approximately 8:18 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 299", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a Plasma TV and Xbox 360, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV and Xbox 360, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer

480

D8956 — Q93

and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a Plasma TV and Xbox 360, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Consumer Incentive Promotions," "Prize Dept," "ResearchTestGroup" and "FreeGiftWorld" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

317.   Upon information and belief, on or about May 3, 2006, at approximately 9:21 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 300", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $100 Kmart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

481

D8956 — Q94

are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $100 Kmart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $100 Kmart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Exclusive Rewards," "Rewards Dept" and "RewardsGateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at

482

D8956 - Q95

the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

318. Upon information and belief, on or about May 3, 2006, at approximately 10:25 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 301", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize an Alienware Laptop, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware Laptop, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff an Alienware

483

D8956 – Q96

Laptop, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants an Alienware Laptop, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Online Gift Rewards" and "SpecialRewards" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

319.    Upon information and belief, on or about May 4, 2006, at approximately 2:09 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 302", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $250 Visa Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

484

D8956 – Q97

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $250 Visa Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $250 Visa Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Hot Gift Zone" and "PrizeDept" in such a manner as to imply that these are the names of the

485

D8956 – Q98

senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

320. Upon information and belief, on or about May 4, 2006, at approximately 8:28 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@ferronlaw.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 303", which:

    (a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "FREE" or be awarded as a prize a $500 WalMart Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

    (b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

    (c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

    (d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" item described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

486

D8956 – Q99

(e) conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 WalMart Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "FREE" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f) informs Plaintiff that he is eligible to receive from Defendants a $500 WalMart Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the names "e-ResearchGroup," "Direct To Consumer Interactive" and "RewardDept" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the use of these fictitious names constitute an unfair or deceptive act or practice that violates R.C. §1345.02(A).

321. Defendants had actual knowledge of Plaintiff's claims regarding Defendants' emails since January 2008. Since the time that Defendants gained actual knowledge about Plaintiff's claims regarding Defendants' emails, the hyperlinks within the emails at issue in this case have ceased being hosted by websites.

322. Upon information and belief, Defendants willfully ceased hosting the websites to which the emails at issue in this case were hyperlinked in order to disrupt Plaintiff's claims

487

D8956 - R1

against Defendants.

323.    Without all of the graphic images within the emails at issue in this case, Plaintiff will not be able to establish all of his claims against Defendants.

324.    Therefore, Plaintiff has suffered damages as a proximate result of Defendants' cessation of hosting the websites hyperlinked to the 303 emails at issue in this case.

## FIRST CAUSE OF ACTION

### (KNOWING VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. §1345.02)

325.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

326.    In transmitting to Plaintiff the above-described 303 Emails, Defendants have committed multiple violations of R.C. §1345.02(A), as noted above.

327.    Each of Defendants' violations of R.C. §1345.02(A) was "knowingly" committed.

328.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to: (a) an award of statutory damages against Defendants, jointly and severally, in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each violation of R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendants, jointly and severally, pursuant to R.C. §1345.09(F).

## SECOND CAUSE OF ACTION

### (DECLARATORY JUDGMENT PURSUANT TO THE OHIO CONSUMER SALES PRACTICES ACT, R.C. §1345.09(D))

329.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

330.    Plaintiff respectfully submits that, under the circumstances presented in this case,

D8956 – R2

he is entitled to the Court's entry of declaratory judgment in his favor and against Defendants, pursuant to R.C. §1345.09(D), including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C. §1345.02(A), for a "supplier" to publish an advertisement to a "consumer" in Ohio that constitutes a "consumer transaction" and:

(a)  Use the word "free" and fail to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent;

(b)  Use the word "free" and fail to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer;

(c)  Fail to disclose clearly and conspicuously all of the conditions that must be met in order to receive a prize or item of value and; and

(d)  Use a fictitious name that was not properly registered with the Ohio Secretary of State.

## THIRD CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH OR DESTRUCTION OF EVIDENCE)

331.  Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

332.  Upon information and belief, Defendants knowingly and/or willfully ceased hosting the websites to which the 303 Emails were hyperlinked in order to disrupt Plaintiff's claims against Defendants.

489

D8956 – R3

333. Without all of the graphic images within the 303 Emails, Plaintiff may not be able to establish all of his claims against Defendants.

334. Accordingly, Defendants committed the tort of intentional interference with or destruction of evidence.

335. As a direct and proximate result of Defendants' tortious conduct, Defendants have proximately caused Plaintiff to suffer damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby prays for the following relief against Defendants, jointly and severally, as to each off the foregoing claims:

A. An award of statutory damages against Defendants, jointly and severally, in Plaintiff's favor in the amount of $200 pursuant to R.C. §1345.09(B), for each violation of R.C. §1345.02(A);

B. An award of Plaintiff's reasonable attorneys' fees and costs, pursuant to R.C. §1345.09(F);

C. Declaratory judgment against Defendants in Plaintiff's favor, pursuant to R.C. §1345.09(D), as requested hereinabove;

D. A preliminary and permanent injunction prohibiting Defendants from transmitting any more advertisements to consumers in Ohio in violation of R.C. §1345.02(A);

E. Pre- and post-judgment interest on all damages awarded; and

F. All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

Lisa A. Wafer          (0074034)
lwafer@ferronlaw.com
Jessica G. Fallon       (0079169)

490

D8956 - R4

jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Attorneys for Plaintiff,
John W. Ferron

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Lisa A. Wafer          (0074034)

491