IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. FERRON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-430 |
| v. | : | Judge Frost |
| METAREWARD, INC., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | | |
| JOHN F. FERRON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-440 |
| v. | : | Judge Frost |
| ADTERACTIVE, INC., *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| | | |
| JOHN F. FERRON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-512 |
| v. | : | Judge Frost |
| AZOOGLE.COM, INC., *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |

| | | |
|---|---|---|
| JOHN F. FERRON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-513 |
| v. | : | Judge Frost |
| SEARCH CACTUS, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| JOHN F. FERRON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-520 |
| v. | : | Judge Frost |
| WORLD AVENUE HOLDINGS, LLC., *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |

## ORDER

The Court has previously summarized the history and factual basis of these actions. *See, e.g.*, 2:09-cv-430, Doc. #44. This litigation to date has generated numerous discovery conferences and orders, much of which have centered around interrogatories served upon Plaintiff John F. Ferron ("Ferron") requesting information concerning his knowledge about certain emails forming the basis of his claims. This matter is now before the District Judge on the Objections of Defendant Media Breakaway, LLC ("Breakaway") to September 29, 2009 and November 27, 2009 Discovery Conference Orders of Magistrate Judge Abel (Doc. #42).[1]

---

[1] These Objections were filed on December 11, 2009. As Ferron correctly points out, they were untimely with respect to the September 29, 2009 discovery conference order. Owing to the nature of the dispute, however, this point is moot.

2

In the August 7, 2009 preliminary pretrial conference order, the Magistrate Judge noted:

> Defendants maintain that plaintiff has failed to supplement his answers to written discovery as ordered by Judge Frost regarding two areas: (1) What were the terms and conditions omitted from the emails and (2) What did plaintiff do to avail himself of the offer? Plaintiff maintains that the complaints now plead with specificity the statutory violations, so these requests are no longer relevant.

(Doc. #27 at 9-10.) The Magistrate Judge ordered Defendants to re-serve these interrogatories, and Ferron to answer them. The relevant interrogatories, as re-served, are:

> Interrogatory No. 1: Separately for each E-Mail attached to the Complaints, please identify and describe with particularity the specific conduct [...] that you allege violates the Ohio Revised Code and identify the specific section(s), paragraph(s), and subparagraph(s) of the Ohio Revised Code that you allege such conduct and the E-Mail violates.
>
> Interrogatory No. 2: Separately for each E-Mail attached to the Complaints, identify and describe any action you took with respect to such E-Mail, including identification of whether you opened and/or reach such E-Mail[...] and any other actions you took in addition to, or in lieu of, opening and/or reading the E-Mail.
>
> Interrogatory No. 3: Separately for each E-Mail attached to the Complaints, identify and describe any occasion on which you complied or attempted to comply with the terms of any offer or advertisement [...] that was stated within such E-Mail, including the internet address(es) and content(s) of any websites you accessed in the process.

On September 23, 2009, counsel participated with the Magistrate Judge in a telephone discovery conference. In his subsequent order of September 29, the Magistrate Judge addressed Breakaway's Interrogatories Nos. 2 and 3. He noted their assertion that Ferron's responses were too vague to comply with prior

3

directives of this Court. (Doc. #36 at 4-5.) The Magistrate Judge ordered:

> It is ORDERED that plaintiff Ferrron respond to Interrogatories Nos. 2 and 3 that, as to each individual email:
>
> • he read the email;
> • he does not recall whether he clicked on a link in that email;
> • he does not recall any specific term or condition contained on the website embedded in that email that was deceptive; and
> • he does not recall any specific term or condition contained on the website embedded in that email that was omitted.
>
> If he believes a different response is supported by the facts as to any of the bulleted items, Ferron must state that position and set out all the facts known to him or obtained through investigation and discovery that supports that position.

(*Id.* at 6-7.)

Breakaway notes, in its instant Objections, that "although the issues of terms of conditions that were omitted or deceptive relates to Reissued Interrogatory No. 1, which was raised in the September 22, 2009 letter[...] Magistrate Judge Abel incorrectly referenced Interrogatories 2 and 3, which involved different issues that are not at issue in this appeal. Media Breakaway counsel brought that to the attention of Magistrate Judge Abel during a subsequent telephone conference regarding the adequacy of Ferron's compliance with the Order." (Doc. #42 at 7, fn 16.) Ferron did not respond to this point in his brief. The Court finds that, although Magistrate Judge Abel's two discovery conference orders refer only to Interrogatories Nos. 2 and 3, his orders and findings, by their terms, addressed Interrogatory No. 1 as well.

On November 3, 2009, counsel participated with the Magistrate Judge in

4

another telephone discovery conference. In his subsequent order of November 27, the Magistrate Judge again addressed Breakaway's interrogatories and Ferron's responses. He noted that Breakaway claimed that Ferron, in his new responses, had failed to identify which set of allegedly undisclosed terms and conditions were associated with which email, failed to admit, as the discovery order had required, that for each email he could not identify "a specific term or condition contained on the website embedded in that email that was deceptive", failed to state, for each email, what terms and conditions were omitted entirely or inadequately disclosed, or what was inadequately disclosed, and had stated only his belief that the relevant terms and conditions could be found at certain websites. The Magistrate Judge summarized Ferron's responses as follows:

> Plaintiff clicked on the hyperlinks in many of the emails at issue in this consolidated case, and visited the websites to which the emails were hyperlinked. On such websites, on a couple of occasions, Plaintiff provided his personal information in order to receive the "free" items promised to him in the emails. However after doing so a few times, Plaintiff learned that the "free" items were not actually free because he was required to enter into multiple consumer transactions with third parties before he would receive the "free" item, if ever.
>
> Plaintiff does not specifically recall whether he clicked on any of the hyperlinks in this email or the date(s) on which he might have done so.

(Doc. #40 at 6.) The Magistrate Judge concluded:

> Although this response may not set out facts that, if credited, are legally sufficient to prove one or more elements of his claims, I cannot say that it violates the September 29, 2009 Discovery Conference Order or is otherwise a legally deficient response to the interrogatories. As I read the answer, it concedes that Ferron has no present recollection of clicking on a link in any individual email and does not recall any specific term or condition contained on the website

5

embedded in that email that was deceptive or that were omitted. Plaintiff does assert that he visited some websites and that the terms and conditions contained in the 185 pages of website data he has produced were likely associated with the 1,214 emails he received. That is the evidence plaintiff has. A discovery dispute is not a vehicle to test the sufficiency of a party's evidence supporting a claim. Defendants are free to test the sufficiency of plaintiff's evidence with a motion for summary judgment.

Breakaway now, upon objections, maintains that Ferron has consistently refused to answer Interrogatory No. 1. It argues that, contrary to the Magistrate Judge's findings, Ferron's responses are so vague that they "still do not provide Media Breakaway with adequate notice of what terms and conditions were allegedly omitted and what terms and conditions were allegedly inadequately disclosed from the emails in violation of O.A.C. §§109:4-3-02(A)(1) and 109:4-3-060(D)." (Doc. #42 at 12.) Ferron, in response, argues that "[t]he September 29, 2009 Discovery Conference Order, by its plain language, did not require Plaintiff to admit that he could not identify a specific term or condition that was omitted from any of the emails at issue in these cases so long as Plaintiff set forth all the facts known to him related to the terms and conditions that were omitted from the emails." (Doc. #43 at 8.)

Ferron's responses to Interrogatory No. 1 are in tabular form; one such recent table is attached to the Objections as Doc. #42-10. This table identifies specific emails and purports to specify the violations of Ohio Attorney General rule which render the email violative of the Ohio Administrative Code. A representative example is Email No. 553 (Doc. #42-10 at 306), which states the following:

6

Violation of OAC 109:4-3-02(A)(1): "This email advertisement offers Plaintiff a "FREE" Disney Vacation. However, the email does not state clearly and conspicuously in close proximity to the words stating the offer all of the material exclusions, reservations, limitations, modifications and conditions of Plaintiff's receipt of the "FREE" item. Accordingly, this email violates the Ohio Attorney General Rule set forth at O.A.C. 109:4-3-02(A)(1) and, therefore, constitutes an unfair or deceptive act or practice that violates R.C. 1345.02(A)."

Violation of OAC 109:4-3-06(A): "This email advertisement offers Plaintiff a "FREE" Disney Vacation, which is a consumer item of significant value. However, Plaintiff's receipt of this item is conditioned upon Plaintiff: (1) viewing a sales presentation consisting of many successive pages of websites each of which describes one or more consumer items available for Plaintiff's purchase; and (2) entering into one or more consumer transactions. Because the email fails to disclose these conditions clearly and conspicuously at the outset of the offer, the email violates the Ohio Attorney General Rule set forth at O.A.C. 109:4-3-06(A) and, therefore, constitutes an unfair or deceptive act or practice that violates R.C. 1345."

Violation of OAC 109:4-3-06(A): "This email advertisement offers Plaintiff a Disney Vacation, which is a consumer item of significant value. However, the email fails to disclose the market value of this item. Therefore, the email violates the Ohio Attorney General Rule set forth at O.A.C. 109:4-3-06(A) and, therefore, constitutes an unfair or deceptive act or practice that violates R.C. 1345.02(A)."

Violation of OAC 109:4-3-06(D): "This email advertisement notifies Plaintiff that he has been selected, or is eligible to receive, a "FREE" Disney Vacation, which is a consumer item of significant value. However, the email does not clearly and conspicuously disclose any and all conditions necessary for Plaintiff to receive the item. Accordingly, this email violates the Ohio Attorney General Rule set forth at O.A.C. 109:4-3-06(D) and, therefore, constitutes an unfair or deceptive act or practice that violates R.C. 1345.02(A)."

An interrogatory response is presumed to have been answered "fully". Fed. R. Civ. Pro. 33(b)(3). This is also true of any supplement made voluntarily under Rule 26(e)(1)(A), or any additional response compelled, as here, by the Court under

7

Rule 26(e)(1)(B). The Magistrate Judge required Ferron, with respect to Interrogatory No. 1, either to admit that he did not recall any specific term or condition that was deceptive or omitted, or to state a different position and "set out all the facts known to him or obtained through investigation and discovery that supports that position."

In this light, Ferron's responses, as the Magistrate Judge observed in the November 27, 2009 discovery order, constitute "all the facts known to him". With respect to OAC 109:4-3-02(A)(1) and OAC 109:4-3-06(D), Ferron has stated his general recollection that the email in question failed to clearly state, to proximately state, or to disclose *some* material conditions, but has admitted that, beyond that, he is unable to identify what the failures or omissions specifically were. This is consistent with the Magistrate Judge's findings that each response "concedes that Ferron... does not recall any specific term or condition... that was deceptive or that were omitted."

Plaintiff has made the admissions that Defendant Media Breakaway, LLC requests in its Objections. Consequently, those Objections (Doc. 42) are moot and are **OVERRULED**. Although the Objections also complain that Plaintiff's responses with respect to OAC 109-4-3-06(A) are incomprehensible, they do not specifically request any relief as to those responses. *Compare* Doc. #42 at 14, 17. The Court will therefore not address these.

/s/ [signature]
United States District Judge

8