**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN W. FERRON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:09-cv-520 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| WORLD AVENUE HOLDINGS, LLC, et al., | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS WORLD AVENUE HOLDINGS, LLC
AND WORLD AVENUE USA, LLC**

Now come Defendants World Avenue Holdings, LLC and World Avenue USA, LLC ("Defendants"), by and through undersigned counsel, and for their Answer to Plaintiff's Complaint ( "Complaint"), state as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of section (a) of Paragraph 2 of the Complaint with the exception of the averred principal place of business address which is not the current address, and defendants deny the remaining allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of section (a) of Paragraph 3 of the Complaint with the exception of the averred principal place of business address which is not the current address, and defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

-2-

6. In response to the allegations of Paragraph 6 of the Complaint, defendant World Avenue Holdings, LLC, admits that this Court has subject matter jurisdiction over it, but denies that this Court has personal jurisdiction over it and that venue is proper. Defendant World Avenue USA, LLC, admits that this Court has subject matter jurisdiction over it, and admits that personal jurisdiction and venue are proper. Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. In response to the allegations of Paragraph 9 of the Complaint, Defendants admit that World Avenue USA, LLC, was investigated by the Texas and Florida Attorneys General, based on alleged conduct of another company owned by World Avenue Holdings, LLC, paid $800,000 in attorneys' fees, investigative and other costs to settle a matter with the Texas Attorney General, and contributed $1,000,000 to the Florida Legal Affairs Fund. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendants state that the allegations of Paragraph 11 of the Complaint are statements of legal conclusions as to which no response is required.

12. Defendants state that the allegations of Paragraph 12 of the Complaint are statements of legal conclusions as to which no response is required.

13. In response to the allegations of Paragraph 13 of the Complaint, Defendants state that the Ohio Administrative Code speaks for itself.

14. In response to the allegations of Paragraph 14 of the Complaint, Defendants state that the Ohio Administrative Code speaks for itself.

15. In response to the allegations of Paragraph 15 of the Complaint, Defendants state that the Ohio Administrative Code speaks for itself.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18-320. In response to the allegations of Paragraphs 18-320 of the Complaint, Defendants state that the alleged emails speak for themselves and that all claims predicated on an asserted failure to register fictitious business names with the Ohio Secretary of State have been dismissed by Judge Frost's Order filed March 15, 2010. Defendants deny the remaining allegations of Paragraphs 18-320 of the Complaint.

321. In response to the allegations of Paragraph 321 of the Complaint, Defendants deny the characterization of the emails as "Defendants' emails." Defendants deny the remaining allegations of Paragraph 321 of the Complaint.

322. Defendants deny the allegations of Paragraph 322 of the Complaint.

323. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 323 of the Complaint.

324. Defendants deny the allegations of Paragraph 324 of the Complaint.

## FIRST CAUSE OF ACTION

325. In response to the allegations of Paragraph 325 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 324 of this Answer.

326. Defendants deny the allegations of Paragraph 326 of the Complaint.

327. Defendants deny the allegations of Paragraph 327 of the Complaint.

328. Defendants deny the allegations of Paragraph 328 of the Complaint.

## SECOND CAUSE OF ACTION

329. In response to the allegations of Paragraph 329 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 328 of this Answer.

330. Defendants deny the allegations of Paragraph 330 of the Complaint.

## THIRD CAUSE OF ACTION

331. In response to the allegations of Paragraph 331 of the Complaint, Defendants incorporate by reference Paragraphs 1 through 330 of this Answer.

332. Defendants deny the allegations of Paragraph 332 of the Complaint.

333. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 333 of the Complaint.

334. Defendants deny the allegations of Paragraph 334 of the Complaint.

335. Defendants deny the allegations of Paragraph 335 of the Complaint.

336. Defendants deny all remaining allegations of the Complaint not specifically admitted herein to be true.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff lacks standing to bring a claim.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. With respect to defendant World Avenue Holding, LLC, this Court does not have personal jurisdiction as to Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to state a claim against Defendants for costs or attorneys' fees.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims against Defendants are barred by the intervening and superseding acts or omissions of other parties.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's injury is self-inflicted. In addition, if any damages have resulted, Plaintiff has failed to mitigate and/or minimize those damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. All or some portions of Plaintiff's claims or the statutes on which Plaintiff bases those claims are pre-empted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7701 *et seq*.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff voluntarily accepted receipt of some or all of the emails at issue in the Complaint, and one of Plaintiff's business objectives is to generate the purported basis to file lawsuits and secure money from lawsuits based on such emails. Based on the foregoing and other conduct and activities to be determined during the course of this action, any and all violations and/or damages caused by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Plaintiff is legally responsible, and/or by the conduct of persons or entities with regard to whom Defendants are not legally responsible, and not by any alleged conduct on the part of Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff took efforts to facilitate the receipt of the emails at issue in the Complaint, and one of Plaintiff's business objectives is to generate the purported basis to file lawsuits and secure money from lawsuits based on such emails. Based on the foregoing and other conduct and activities to be determined during the course of this action, any and all violations and/or damages caused by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Defendants are not legally responsible, and not by any alleged conduct on the part of Defendants

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint is barred by his own willful and intentional spoliation of evidence. Specifically, after Plaintiff dismissed his first Complaint without prejudice against TheUseful, Plaintiff intentionally took steps to delete, destroy, and purge electronically stored information that is relevant to this case. Plaintiff did so with the intent to erase relevant evidence that would assist Defendants in their defense of this action. Plaintiff did so with the full

knowledge that he intended to bring claims against the Defendants in the future and that such evidence would be relevant to Plaintiff's claims. As a direct result, Defendants have been prejudiced and Plaintiff is barred from any recovery by his inequitable conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred because he is not a consumer, nor did he seek the goods and services at issue for purposes that were primarily personal, family or household use.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. To the extent that any of the subject emails contain representations or have omissions, such representations or omissions are immaterial as a matter of law and therefore nonactionable due to other disclosures contained in the body of the text or accompanying links.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants established and implemented with due care practices and procedures reasonably designed to prevent misleading or otherwise legally noncompliant commercial email advertisements. To the extent any alleged noncompliance was caused by third parties over whom Defendants had no control, Defendants are entitled to contribution or indemnity from such third parties, and Defendants reserve the right to bring such claims.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants hereby give notice that they intend to rely on other defenses and present additional claims that may become available during the discovery proceedings in this case, and hereby reserve the right to amend their Answer to Plaintiff's Complaint to assert such defenses and claims.

WHEREFORE, Defendants World Avenue Holdings, LLC and World Avenue USA, LLC request that this Court dismiss Plaintiff's Complaint with prejudice against them, award

Defendants their reasonable costs and disbursements incurred herein, and grant Defendants such other and further relief to which they may be entitled.

    Respectfully submitted,

/s/ John Winship Read
John Winship Read, Trial Attorney (0030827)
Rodney Alan Holaday (0068018)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 E. 9th St.
Cleveland, OH 44114-1724
Telephone: 216-479-6103
Facsimile: 216-937-3737
jwread@vorys.com
raholaday@vorys.com

*Attorneys for Defendants*
*World Avenue Holdings, LLC and*
*World Avenue USA, LLC*

Of Counsel:

John L. McManus, Esq.
Kenneth A. Horky, Esq.
Greenberg Traurig, PA
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954−765−0500
Facsimile: 954−765−1477
mcmanusj@gtlaw.com
horkyk@gtlaw.com

*Attorneys for Defendants*
*World Avenue Holdings, LLC and*
*World Avenue USA, LLC*
*Pro Hac Vice*

-8-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically this 1st day of April, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, including:

Lisa A. Wafer, Esq.
Ferron & Associates
580 North Fourth Street
Suite 450
Columbus, OH  43215

Stephen D. Jones, Esq.
Michael R. Traven, Esq.
Roetzel & Andress LPA
155 East Broad Street
Suite 1200
Columbus, OH  43215

Jonathan S. Frankel, Esq.
Ky E. Kirby, Esq.
Bingham McCutcheon LLP
2020 K Street NW
Washington, DC  20006

    /s/ Rodney Alan Holaday
*Attorney for Defendants*
*World Avenue Holdings, LLC and*
*World Avenue USA, LLC*