**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. FERRON,**

    **Plaintiff,**

  v.                                 **Case No. 2:09-cv-430
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth Preston Deavers**

**METAREWARD, INC., et al.,**

    **Defendants.**


**JOHN W. FERRON,**

    **Plaintiff,**

  v.                                 **Case No. 2:09-cv-440
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth Preston Deavers**

**ADTERACTIVE, INC., et al.,**

    **Defendants.**


**JOHN W. FERRON,**

    **Plaintiff,**

  v.                                 **Case No. 2:09-cv-512
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth Preston Deavers**

**AZOOGLE.COM, INC., et al.,**

    **Defendants.**

**JOHN W. FERRON,**

    **Plaintiff,**

    **v.**                                   **Case No. 2:09-cv-513**
                                        **JUDGE GREGORY L. FROST**

**SEARCH CACTUS, LLC, et al.,**       **Magistrate Judge Elizabeth Preston Deavers**

    **Defendants.**


**JOHN W. FERRON,**

    **Plaintiff,**

    **v.**                                   **Case No. 2:09-cv-520**
                                        **JUDGE GREGORY L. FROST**

**WORLD AVENUE HOLDINGS, LLC, et al.,**  **Magistrate Judge Elizabeth Preston Deavers**

    **Defendants.**

## DISCOVERY CONFERENCE AND SCHEDULING ORDER

On April 13, 2010, the captioned cases came on for a telephone status conference regarding ongoing discovery disputes between the parties and the case schedule. This Order memorializes the results of that conference as follows:

(1) The Court listened to oral argument on whether Plaintiff has violated the discovery orders that control this litigation and concluded that Plaintiff has once again disobeyed both the orders of the undersigned and of the Magistrate Judge previously assigned to this litigation. The Court has also concluded that Plaintiff's counsel's explanation that the discovery misconduct arises merely from confusion as to the scope of the remedy for discovery violations is at best indicative of a need for co-counsel and at worst a disingenuous tactic that has been employed once too often to be deemed credible. To the extent that Plaintiff's counsel has tried to explain

2

Plaintiff's disobedience as resulting from his decision to make compliance contingent upon his being provided various information, there is no such condition precedent contained in the discovery orders controlling this litigation.

(2) The Court is concerned that Plaintiff has possibly engaged in the willful destruction of evidence in contravention of his duty to preserve evidence related to ongoing or even anticipated litigation, as well as in direct disobedience to the orders of the undersigned and the Magistrate Judge previously assigned to this litigation.  The apparent circumstances here, if true, suggest potential bad faith on the part of Plaintiff and an intent to circumvent the Federal Rules of Civil Procedure, the orders of this Court, and the operation of justice.

(3) The Court considered Defendant Media Breakaway's oral motion to compel and **GRANTED** the same.

(4) The Court **ORDERS** that Plaintiff make available to Media Breakaway for copying the May 2008 Home Image and the May 2008 Work Image.  Media Breakaway shall complete this copying by 12:00 p.m. on April 16, 2010, unless this Court grants an extension upon a showing of sufficient cause.

(5) The Court has considered the imposition of sanctions against Plaintiff for his repeated disregard for discovery orders.  Although Plaintiff has far exhausted the patience of this Court, the Court elects not to impose sanctions at this time.  If Media Breakaway discovers evidence that Plaintiff has destroyed concealed–or has attempted to destroy or conceal–evidence, then Media Breakaway may file a motion for sanctions within seven days of such discovery.  If Plaintiff fails to comply with this Order, Media Breakaway may file a motion for sanctions within seven days of such non-compliance.  Upon a finding that Plaintiff has engaged in

discovery misconduct or fails going forward to comply fully with all discovery orders that control this litigation, the Court **will** impose any of the appropriate sanctions available to the Court, including but not limited to **the dismissal of this litigation**.

(6) The parties should direct all future discovery issues not to Magistrate Judge Preston Deavers, but to the undersigned who has assumed all responsibility for managing discovery in this litigation.

(7) The Court **ORDERS** that in the event of a discovery dispute, before filing any motion to compel except as otherwise discussed herein, the parties involved must first contact this Court in order to schedule a telephonic conference in which the Court will attempt to address any discovery disputes.  In the event that this Court is unable to resolve any discovery dispute during the telephonic conference, the Court will then permit the filing of a motion and order expedited briefing.

(8) The parties shall make all amendments to the pleadings by May 27, 2010.  Counsel for Plaintiff represented that Plaintiff will not be amending his complaints.

(9) As the parties agreed, all Federal Rule of Civil Procedure 26(e)(2) supplements shall be made by June 1, 2010, and August 31, 2010.

(10) The parties shall complete all fact discovery by October 12, 2010.  This includes the up to 16 days of Plaintiff's deposition as requested by Defendants and ordered by this Court (up to 8 days for Media Breakaway; up to 2 days for Search Cactus, Weitman, and Weinberg; up to 2 days for Adterative; up to 1 day for Azoogle; and up to 3 days for World Avenue Holdings and World Avenue USA).

(11) Any expert who may give evidence supporting a party's claims or defenses must

make his or her Rule 26(a)(2) disclosures no later than November 12, 2010.

(12) Any responsive expert must make his or her Rule 26(a)(2) disclosures no later than December 13, 2010.

(13) The parties shall complete all expert discovery by January 13, 2011.

(14) The parties shall file all case dispositive motions by February 28, 2011.

(15) The Court sets a non-oral hearing on all dispositive motions for April 18, 2011.

(16) The final pretrial conference will be at 12:00 p.m. on July 19, 2011.

(17) The jury trial shall commence at 9:00 a.m. on August 29, 2011.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE