**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN w. FERRON,**

        **Plaintiff,**

  **v.**

**METAREWARD, INC., et al.,**

        **Defendants.**

**Case No. 2:09-cv-430**
**JUDGE GREGORY L. FROST**
**Magistrate Judge E.A. Preston Deavers**

**JOHN w. FERRON,**

        **Plaintiff,**

  **v.**

**ADTERACTIVE, INC., et al.,**

        **Defendants.**

**Case No. 2:09-cv-440**
**JUDGE GREGORY L. FROST**
**Magistrate Judge E.A. Preston Deavers**

**JOHN w. FERRON,**

        **Plaintiff,**

  **v.**

**AZOOGLE.COM, INC., et al.,**

        **Defendants.**

**Case No. 2:09-cv-512**
**JUDGE GREGORY L. FROST**
**Magistrate Judge E.A. Preston Deavers**

JOHN w. FERRON,

        Plaintiff,

        v.

SEARCH CACTUS, LLC, et al.,

        Defendants.

        **Case No. 2:09-cv-513**
        **JUDGE GREGORY L. FROST**
        **Magistrate Judge E.A. Preston Deavers**

JOHN w. FERRON,

        Plaintiff,

        v.

WORLD AVENUE HOLDINGS, LLC, et al.,

        Defendants.

        **Case No. 2:09-cv-520**
        **JUDGE GREGORY L. FROST**
        **Magistrate Judge E.A. Preston Deavers**

## ORDER

The captioned cases are before the Court for consideration of the May 27, 2010 Motion of All Defendants for Clarification, or, in the Alternative, to Extend Deadlines.  (Doc. # 59.)[1]  In this unopposed motion, Defendants ask this Court to clarify whether its May 25, 2010 Order that stayed all discovery that is not sanctioned related means that the Court has also stayed or vacated the existing case schedule.  If the Court did not intend the stay to apply to the case schedule, Defendants alternatively ask for this Court to extend the existing case schedule if and as necessary following disposition of the sanctions issue.

Defendants' request is interesting.  Implicit in Defendants' concerns is regard for whether

---

[1]  For ease of reference, the Court shall refer herein only to the docket numbers of filings in Case No. 2:09-cv-430.  The documents referenced in this Order correspond to the documents filed in each of the captioned cases.

they will lose the ability to meet various deadlines, such as (to use Defendants' example) the ability to amend the pleadings and add additional parties.  Previously, however, the parties have shown little regard for adhering to this Court's deadlines.  For example, when the parties thought that they were close to settling this litigation, they simply decided to ignore this Court's discovery orders.  When the settlement talks fell apart and resulted in a dispute about whether the parties had reached a settlement, this Court found itself in the peculiar position of having to "admonish[] the parties for their inexplicable disregard of the Court's prior discovery orders and direct[] the parties to adhere to all discovery deadlines."  (Doc. # 55, at 2-3.)  Defendants' newfound concern for the deadlines ordered by this Court is therefore perhaps best characterized as self-serving, situational recognition of their obligations to this Court.

Regardless of the dubious nature of Defendants' motivations, it makes little sense to maintain the existing deadlines when the poor practices of the parties, particularly Plaintiff, have again made such a hash of the case schedule so as to render the deadlines unworkable.  The Court therefore **GRANTS** Defendants' motion (Doc. # 59) and vacates all existing case schedule deadlines except for the sanctions-related deadlines set forth in this Court's May 14, 2010 Order (Doc. # 55).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE